CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

September 11, 2013

LETTER TO COUNSEL:

      RE:    *Jeanette Yvonne Hoaney v. Commissioner, Social Security Administration*;
              Civil No. SAG-12-3076

Dear Counsel:

      On October 18, 2012, the Plaintiff, Jeanette Yvonne Hoaney, petitioned this Court to review the Social Security Administration's final decision to deny her claims for Supplemental Security Income and Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment, and Ms. Hoaney's reply, which does not add any additional information or argument. (ECF Nos. 12, 15, 16). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

      Ms. Hoaney filed her claims for benefits on August 3, 2009, alleging disability beginning November 16, 2008. (Tr. 149-55). Her claims were denied initially on December 30, 2009, and on reconsideration on July 29, 2010. (Tr. 61-68, 71-74). A hearing was held on April 27, 2011 before an Administrative Law Judge ("ALJ"). (Tr. 26-56). Following the hearing, on April 29, 2011, the ALJ determined that Ms. Hoaney was not disabled during the relevant time frame. (Tr. 11-25). The Appeals Council denied Ms. Hoaney's request for review (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the agency.

      The ALJ found that Ms. Hoaney suffered from the severe impairments of degenerative disc disease of the lumbar spine, and lumbar disc herniations with foraminal stenosis following a slip and fall at work in November 2008, obesity, and depression. (Tr. 16). Despite these impairments, the ALJ determined that Ms. Hoaney retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that she is further limited to: occasionally climbing ramps or stairs (never ladders,

> ropes or scaffolds), balancing, stooping, kneeling, crouching and crawling; avoiding concentrated exposure to workplace hazards; carrying out simple tasks in 2-hour increments which can be accommodated by regularly scheduled breaks; and adapting to simple changes in a routine work setting.

(Tr. 18). The ALJ determined that Ms. Hoaney was not disabled pursuant to Medical-Vocational Guideline 201.21 because her non-exertional limitations do not significantly erode the occupational base of unskilled sedentary work. (Tr. 20-21).

Ms. Hoaney presents two primary arguments on appeal: that the ALJ failed to properly evaluate Listing 1.04, and that the ALJ erroneously weighed the opinions of her treating physician, Dr. Wilkerson. Each argument lacks merit.

First, Ms. Hoaney argues that the ALJ failed to explain why her degenerative disc disease did not meet the criteria for Listing 1.04C.[1] Pl. Mot. 16. "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria." *Sullivan v. Zebley,* 493 U.S. 521, 530 (1990) (emphasis in original). The claimant bears the burden of demonstrating that his impairment meets or equals a listed impairment. *Kellough v. Heckler,* 785 F.2d 1147, 1152 (4th Cir. 1986). An ALJ is required to discuss listed impairments and compare them individually to listing criteria *only when* there is "ample evidence in the record to support a determination that the claimant's impairment meets or equals one of the listed impairments." *Ketcher v. Apfel,* 68 F.Supp.2d 629, 645 (D. Md. 1999) (emphasis added). Here, there is insufficient evidence to support this requirement. One of the criteria for Listing 1.04C is an inability to ambulate effectively, which is defined as an "extreme limitation of the ability to walk . . . [and] having insufficient lower extremity functioning to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.00B(2)(b) (internal cross reference omitted). Plaintiff cites evidence in which she allegedly described "pain causing difficulty standing, walking, and sitting." Pl. Mot. 8. In fact, the cited records do not demonstrate that Ms. Hoaney reported to any physician that she had difficulty walking, only that she made general complaints of back pain. (Tr. 281) (Ms. Hoaney complained of back pain, but Dr. Lohr found that her range of motion was "limited by the patient secondary to either pain or perceived risk of pain."); (Tr. 330-31) (Ms. Hoaney stated that her back pain "interferes with all aspects of her functioning" and makes it difficult for her to work, but her "gait and posture were unremarkable."); (Tr. 296) (Treatment notes from the few days following her accidental fall note only that she could not find a comfortable position for sleep.); (Tr. 298-99) (Mrs. Hoaney "presents with lower back pain" but the physician makes no mention of difficulty with walking.). Ms. Hoaney argues that *Lehman v. Astrue*, No. SKG-10-2160, 2013 WL 687088 (D. Md. Feb.

---

[1] Listing 1.04C requires evidence of compromise of a nerve root or the spinal cord, with "[l]umbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04C.

22, 2013), presents a deficient listing identification and analysis "on point" with the ALJ's analysis here. Pl. Mot. 10-11. However, the plaintiff in *Lehman* demonstrated, at a minimum, that he walked with a cane. Ms. Hoaney cites no evidence beyond her complaints of pain. Pain alone does not meet the listing requirement.

Ms. Hoaney also cites Dr. Wilkerson's opinion that she "was limited to no ability to stand and walk within normal breaks for an 8 hour work day." Pl. Mot. 8. As the ALJ noted at the hearing, Dr. Wilkerson's opinion was "really unhelpful" and "internally inconsistent. I mean, ridiculously so." (Tr. 39). She further noted that, "Basically what I found from Dr. Wilkerson's records is that it doesn't really show too much . . . [s]ymptoms or treatment or debilitation, so not helpful." (Tr. 40). Accordingly, and as described in more detail below, the ALJ assigned the opinion "little weight." (Tr. 19). In fact, the record is rife with evidence that Ms. Hoaney ambulates effectively, including her ability to lose twenty pounds by walking on a Stairmaster for ten minutes at a time, and her ability to use public transportation without difficulty. (Tr. 45-46, 47-48). Moreover, the consultative examiner, Dr. Jensen, noted "[g]ait and station are normal, uses no ambulatory aid." (Tr. 335). In light of the absence of ample evidence in the record suggesting that Ms. Hoaney could fulfill the criteria of Listing 1.04C, express analysis of that Listing was not required.

Ms. Hoaney's second contention is that the ALJ assigned inadequate weight to Dr. Wilkerson's July 22, 2010 opinion. Pl. Mot. 11-12. I certainly agree that the ALJ could have provided more express reasoning for her assignment of weight. Despite the imprecision, the basis for the ALJ's analysis is evident from the record, and is susceptible to review for substantial evidence. A treating physician's opinion is not entitled to controlling weight if it is inconsistent with the other substantial evidence of record. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *see also id.* § 404.1527(c)(3) (stating that "[t]he more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion."). As the ALJ noted at the hearing, Dr. Wilkerson's opinion was not only inconsistent with his own treatment records, *see, e.g.,* (Tr. 368) (note from August 23, 2010 that "Pt is walking + losing weight"), but also with his October 29, 2009 opinion in which he found no restrictions in Ms. Hoaney's ability to sit, stand, or walk. (Tr. 312). Just nine months later, after no significant deterioration in Ms. Hoaney's condition apparent from the medical records (including the intervening essentially normal consultative examination), Dr. Wilkerson opined that Ms. Hoaney can "never" stand or walk during an eight-hour workday. (Tr. 364). Inexplicably, given his prior contradictory opinion, Dr. Wilkerson also suggested that the condition had been present since November of 2008. (Tr. 366). The ALJ's opinion also included citation to record evidence undermining Dr. Wilkerson's opinion, including Ms. Hoaney's own testimony about her functional capacities and ability to perform sedentary work, the "essentially normal physical examination" by the consultative examiner, and the opinions of the state agency medical consultants. (Tr. 19). A review of the relevant evidence supports the ALJ's conclusion, and remand is therefore unwarranted.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 12)

will be DENIED and the Commissioner's motion for summary judgment (ECF No. 15) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge